*Hartford,*
*June, 1832.*

NORTON *against* WARNER.

Norton
*v.*
Warner.

In an action for criminal conversation with the plaintiff's wife, the plaintiff's general character is not in issue.

The rank and condition in life of the plaintiff cannot be given in evidence, in such action, to encrease or diminish the damages.

Therefore, where the defendant in such action, offered testimony to prove, in mitigation of damages, that th plaintiff had been in habits of intoxication and sustained the character of a common drunkard ; it was held, that such testimony was inadmissible.

So where the defendant in such action offered testimony to prove, that the plaintiff and his wife kept a beer or grog shop, which, at all times, by day and night, was the resort of the idle, dissolute and intemperate ; it was held, that such testimony, so far as it was offered to affect the character of the plaintiff, or to shew his rank and condition in life, was inadmissible.

But, in such action, the plaintiff's character as a husband, is in issue.

Therefore, evidence of unkind treatment by him of his wife, produced by drunkenness or otherwise, is admissible.

The foundation of such action is an injury to the marital rights of the plaintiff.

Therefore, evidence of improper familiarities between the plaintiff's wife and other persons, is admissible.

THIS was an action for criminal conversation with the plaintiff's wife ; tried at *Hartford, February* term, 1832, before *Williams,* J.

On the trial, the defendant offered testimony to prove, in mitigation of damages, that for a long time past, the plaintiff had been in habits of beastly intoxication, and sustained the character of a common drunkard. This being objected to, by the plaintiff, the judge, considering the character of the plaintiff as not in issue, rejected such testimony ; but ruled, that evidence of unkind treatment of his wife, produced by drunkenness or otherwise, was admissible.

The defendant also offered testimony to prove, in mitigation of damages, that from a period long before the grievance complained of to the time of trial, the plaintiff and his wife kept a beer or grog shop, which, at all times, by day and night, was the resort of the idle, dissolute and intemperate ; and that such was its reputation. The judge excluded this testimony, so far as it was offered to affect the character of the plaintiff ; but admitted evidence for the purpose of shewing that the wife kept a beer or grog shop in the house occupied by them, and evidence of the conduct of those who resorted there, so far as it tended to shew improper familiarities with her.

Hartford,
June, 1832.

Norton
v.
Warner.

The plaintiff obtained a verdict ; and the defendant moved for a new trial, on the ground of error in the decisions of the judge.

*N. Smith* and *W. C. Gay*, in support of the motion, contended, 1. That in this action, evidence of the moral character and behaviour of the plaintiff was admissible on the point of damages. *Bul. N. P.* 27. 1 *Petersd. Abr.* 299. 2 *Stark. Ev.* 442,3. 2 *Phill. Ev.* 154,5. *King* v. *Francis,* 3 *Esp. Rep.* 116. *Foot* v. *Tracy,* 1 *Johns. Rep.* 52. per *Kent,* Ch. J. A person of disparaged fame is not entitled to the same measure of damages, as another, whose character is unblemished. —— v. *Moor,* 1 *Mau. & Selw.* 284. 1 *Phill. Ev.* 146. 2 *Phill. Ev.* 155. Thus, the plaintiff's intolerable ill temper may be proved. 1 *Selw. N. P.* 30. (*Alb. ed.* 1811.) Or his infidelity to his wife. *Bromley* v. *Wallace,* 4 *Esp. Rep.* 237. *Hodges* v. *Windham, Peake's Ca.* 39. *Windham* v. *Wycombe,* 4 *Esp. Rep.* 16.

Such evidence is admissible in the analogous case of slander. 2. *Stark. Ev.* 360. Earl of *Leicester* v. *Walter,* 2 *Campb.* 251. *Buford* v. *McLung,* 1 *Nott* v. *McCord,* 268. *Sawyer* v. *Eifert,* 2 *Nott & McCord,* 511. *Larned* v. *Buffington,* 3 *Mass. Rep.* 546. *Wolcott* v. *Hall,* 6 *Mass. Rep.* 514. So in cases of malicious prosecution. 3 *Mass. Rep.* 551. *Rodriguez* v. *Tadmire,* 2 *Esp. Rep.* 721. So in cases of breach of promise of marriage. *Boynton* v. *Kellogg,* 3 *Mass. Rep.* 189. *Faulkner* v. *Selway,* 3 *Esp. Rep.* 236. *Johnson* v. *Caulkins,* 1 *Johns. Ca.* 116.

2. That the defendant might shew what sort of a house the plaintiff kept, as evidence of negligence and loose and improper conduct. *Duberley* v. *Gunning,* as ruled by Lord *Kenyon,* (4 *Term Rep.* 652.) and laid down by *Buller,* J. *p.* 657,8. Suppose the plaintiff were the keeper of a house of ill fame, might not this be shewn ? Does a man who puts his wife into a grog-shop, the resort of the idle and dissolute, take proper care of her morals ?

*Hungerford* and *Chapman,* contra, insisted, 1. That the character of the plaintiff was not, in this case, put in issue, by the proceeding ; and therefore, the testimony rejected was not admissible. To this point they cited 1 *Swift's Dig.* 760. 1 *Phill. Ev.* 145. 2 *Stark. Ev.* 366. 363

2. That the improper conduct of the plaintiff, offered in evidence, was of particular acts, and those of a nature entirely different from that with which the defendant is charged; and was, consequently, irrelevant and improper.

PETERS, J.   The object of the plaintiff in this suit was, to recover damages for an injury to his marital rights.   Any testimony which tended to shew, that he had sustained no injury, was admissible; such as connivance at her wantonness or suffering her to prostitute herself; for it is a maxim of law, that *volenti non fit injuria.*   So turning her out of doors, or associating with lewd women, shews clearly, that her society was of no value to him.   But all evidence of this sort was admitted, by the judge. *Duberley* v. *Gunning*, 4 *Term Rep.* 651.

It is a well settled rule, that evidence in civil suits must be confined to the points in issue; and that the character of a party cannot be enquired into, unless put in issue.   1 *Phill. Ev.* 145.

In the case before us, the plaintiff's general character was not in issue; but his character as a husband was.   The object of the testimony offered and rejected, was, to evince that the wife of a drunkard might be debauched with impunity.   With equal propriety, in an action for an assault and battery, or any other action of trespass, might the defendant, in mitigation of damages, prove, that the plaintiff was a drunkard, and therefore, he should have nothing for the breaking of his bones, or the taking away or destruction of his property.

But the counsel for the defendant have contended, that in an action of this kind, damages are properly encreased or diminished, by the rank or quality of the plaintiff; and in support of their claim, they cite a remark of the late Judge *Buller. Bull. N. P.* 26.   And this *dictum* has been echoed from *Buller* to *Blackstone*, from *Blacksone* to *Espinasse*, and from *Espinasse* to *Swift.* 3 *Bla. Com.* 140. *Esp. Dig.* 343. (ed. 1794.) 1 *Swift's Dig.* 501.   And it is worthy of remark, that these learned compilers do not quote a single authority in support of this doctrine.   It may, therefore, be doubted, even in *England*, and *a fortiori* in this country, where it is considered a self-evident truth, that all men are created free and equal. (*a*)   "I cannot imagine," says an eminent *American* jurist, "that the

────────

(*a*) *Decl. Ind. sect.* 1.

rank and condition in life of a man involves his bad or good character, in a moral point of view. These terms refer to a high or low state in life, to riches and poverty, to occupation and profession, and not to moral character. I believe the moral character of a plaintiff was never given in evidence to enhance damages in an action of this nature ; and I think, if it were offered, it ought to be rejected as irrelevant. Indeed, this evidence of the rank and condition in life of the plaintiff, in the sense of the terms which I suppose to be their true meaning, is very uncongenial with our political institutions. Rank and condition in life merely, should perhaps neither encrease nor diminish damages, in an action of slander, under this government." (*b*) If such evidence, then, is not admissible in slander, where character is in issue, surely it ought not to be received in an action of trespass for a personal injury ; for the pains of a broken bone and the pangs of a broken heart for the loss of a beloved wife, are as accute in the poor labourer as in his lordly master. "The poor beetle that we tread upon, feels as great a pang as when a giant dies."

For these reasons, I would not advise a new trial.

The other Judges were of the same opinion.

New trial not to be granted.

(*b*) Per *Cheves*, J. in *Buford* v. *McLung*, 1 *Nott & McCord*, 268. 277,8.