GEORGE HOTCHKISS *vs.* JOSEPH D. PLUNKETT AND OTHERS.

New Haven & Fairfield Cos., Jan. T., 1891.   ANDREWS, C. J.,'CARPEN-
TER, LOOMIS, SEYMOUR and TORRANCE, Js.

To justify the expenditure of money by a municipal corporation in indemnifying one of its officers for a loss incurred in the discharge of his official duty, it must appear that the officer was acting in a matter in which the corporation had an interest, in the discharge of a duty imposed or authorized by law, and in good faith.

There is no authority conferred on a school district to raise money for other purposes than those specified in Gen. Statutes, § 2155.

Where the members of the board of education of a school district were sued for an injury to the business reputation of the plaintiffs by their refusal to entertain a bid offered by the plaintiffs for furnishing stationery for the district, on the ground that they had some time before dealt dishonestly with the district, it was held that the matter was one in which the district as such had no interest and that its money could not be used for the defense of the suit.

[Argued January 27th—decided March 20th, 1891.]

SUIT for an injunction to restrain the defendants, as members and officers of the board of education of a school district, from paying out the money of the district for the defense of a suit brought against certain members and ex-members of the board, for malicious and wrongful acts in connection with their duties as members of the board; brought to the Superior Court in New Haven County. The defendants filed an answer, to which the plaintiff demurred. The court (*Fenn, J.,*) overruled the demurrer, and, the plaintiff making no further reply, rendered judgment for

the defendants. The plaintiff appealed. The case is fully
stated in the opinion.

*W. H. Ely*, for the appellant.

The school district has no interest in the event of the suit
in question, and the judgment therein cannot affect the cor-
porate rights or corporate property of the district in any
way. Such being the case, it has no right to assume its
defense. 1 Dillon on Municipal Corp., § 147; *Gregory* v.
*City of Bridgeport*, 41 Conn., 76; *Vincent* v. *Inhab. of Nan-
tucket*, 12 Cush., 103; *Halstead* v. *Mayor &c., of New York*,
3 N. York, 430; *People* v. *Lawrence*, 6 Hill, 244; *Wads-
worth* v. *Henniker*, 35 N. Hamp., 189; *Merrill* v. *Plainfield*,
45 id., 126. " The principle which runs through the cases
is, that corporations have only such powers as are within
the scope of their charters; and where they are wasting or
misappropriating the corporate property or funds, courts of
equity treat them as trustees of the property for the benefit
of the individual corporators, * * * and it makes no differ-
ence whether the corporation is a joint stock manufacturing
or trading corporation, or a municipal or territorial corpora-
tion, or is of the character of this school district." *Scofield*
v. *Eighth School District*, 27 Conn., 499, 504. The powers
of school districts are fixed by the statutes. Gen. Statutes,
§§ 2130, 2132, 2135, 2155.

*J. W. Alling* and *S. C. Morehouse*, for the appellee.

1. The law is well settled that a municipal corporation
has power to indemnify its servants in cases like the present.
Dillon on Mun. Corp., § 114; *Nelson* v. *Inhab. of Milford*,
7 Pick., 18; *Bancroft* v. *Inhab. of Lynnfield*, 18 id., 566;
*Thayer* v. *City of Boston*, 19 id., 511, 516; *Babbitt* v. *Select-
men of Savoy*, 3 Cush., 533; *Hadsell* v. *Inhab. of Hancock*,
3 Gray, 526; *Fuller* v. *Inhab. of Groton*, 11 id., 340; *Minot*
v. *West Roxbury*, 112 Mass., 5; *Pike* v. *Town of Middletown*,
12 N. Hamp., 278; *Baker* v. *Inhab. of Windham*, 13 Maine,
74; *Sherman* v. *Carr*, 8 R. Isl., 431; *Cullen* v. *Town of Carth-
age*, 103 Ind., 196; *Roper* v. *Town of Laurinburg*, 9 N. Car.,

427; *State* v. *Town of Hammonton*, 38 N. Jer. Law, 430; *Barnert* v. *City of Paterson*, 48 id., 395; *Rex* v. *Inhab. of Essex*, 4 T. R., 591; *Attorney Gen.* v. *Mayor of Norwich*, 2 M. & Craig, 406; *Lewis* v. *Mayor of Rochester*, 9 Com. Bench, N. S., 401.

2. The board of education had power to pass this vote. They have the power of general superintendence over all the affairs of the district. Gen. Statutes, §§ 975, 2124, 2130, 2175, 2152, 2155, 2213; *Dibble* v. *Town of New Haven*, 56 Conn., 199; *Farrel* v. *Town of Derby*, 58 id., 234.

3. A court of equity has no jurisdiction of this question. The subject matter of indemnifying public servants belongs to the municipal corporation, and in the sphere of its legitimate jurisdiction a municipal corporation cannot be interfered with by a court of equity. *Sherman* v. *Carr*, 8 R. Isl., 431; *Dibble* v. *Town of New Haven*, 56 Conn., 199; *Attorney Gen.* v. *Mayor of Norwich*, 2 M. & Craig, 406. It is only where the subject matter is not, by express language, or by implication, properly within the control of a municipal corporation, that a court of equity may interfere. *Attorney Gen.* v. *Mayor of Norwich, supra; Lewis* v. *City of Providence*, 10 R. Isl., 97; *New London* v. *Brainard*, 22 Conn., 552; *Dibble* v. *Town of New Haven*, 56 id., 199; *Farrel* v. *Town of Derby*, 58 id., 234, supra. There can be no doubt but that the obtaining of supplies for the public schools was within the proper functions of the board of education of the district. Gen. Statutes, §§ 2124, 2130, 2155. Herein the case differs entirely from *Gregory* v. *Bridgeport*, 41 Conn., 76, where Brooks, in what he did, was in the discharge of no public duty, and with reference to his office the city of Bridgeport had "no duty to perform, no rights to defend, and no interest to protect."

ANDREWS, C. J. This is a complaint brought by a taxpayer of a school district of the city of New Haven, claiming an injunction to restrain the members and officers of the board of education of that school district from paying out the money of the district for an alleged unlawful pur·

pose. The defendants made an answer to the complaint, to which answer the plaintiff demurred. The court overruled the demurrer, found the answer sufficient, and rendered judgment for the defendants to recover their costs. The plaintiff filed exceptions, and brings the case to this court by appeal. The sole question upon the record is as to the sufficiency of the answer. The answer to this question involves the discussion of a more general one which lies back of it.

On the 19th day of September, 1890, the board of education voted to employ counsel and to defend at the expense of the school district a certain action brought by William J. Atwater and Edward I. Atwater against William H. Carmalt, Thomas O'Brien, Max Adler and George T. Hewlett, returnable to and then pending in the Superior Court for New Haven County. Pursuant to the vote the board employed counsel who had appeared in court and were defending the suit. In the year 1889 the said Carmalt, O'Brien, and Adler were members, and the said Hewlett was clerk, of the board of education of the school district. At the time the vote was taken Carmalt had ceased to be a member. The general question then is, whether or not the board of education can lawfully use the money of the district to defray the expenses of the defense they have undertaken.

It is not denied by the plaintiff that a municipal corporation may expend money to indemnify its officers for a loss incurred in the performance of their duties in a proper case. But he says this is not a proper case; that the action brought by the Atwaters against Carmalt, O'Brien, Adler and Hewlett, was brought against them personally, and for a cause such that it is their duty to pay all damages that may be recovered therein, as well as the expenses of defending the same. And it is not denied by the defendants that an injunction ought to issue at the complaint of a tax-payer to restrain any illegal expenditure of the money of the school district. But they say it is not illegal to pay the expenses of defending the suit.

In order to justify the expenditure of money by a munici-

pal corporation in the indemnity of one or any of its officers for a loss incurred in the discharge of their official duty, three things must appear. First, the officer must have been acting in a matter in which the corporation had an interest. Second, he must have been acting in discharge of a duty imposed or authorized by law. And third, he must have acted in good faith. *Gregory* v. *City of Bridgeport*, 41 Conn., 76; *Merrill* v. *Plainfield*, 45 N. Hamp., 126; *Vincent* v. *Inhab. of Nantucket*, 12 Cushing, 103; Dillon on Municipal Corporations, (4th ed.,) § 219. If the cause of action set forth in the complaint of the Atwaters against Carmalt, O'Brien, Adler and Hewlett comes within these conditions, then it would be lawful for the school district to assume the defense.

School districts are quasi corporations of a public nature, with limited powers, strictly defined by statute, and they have no right to raise money by assessment and appropriate the same to purposes not within the scope of those powers, even though a majority of their inhabitants expressly vote so to raise and appropriate it. *Berlin* v. *New Britain*, 9 Conn., 180; *West School District* v. *Merrills*, 12 Conn., 438; *Bartlett* v. *Kingsley*, 15 Conn., 327, 335. The powers of school districts are enumerated in section 2155 of the General Statutes, which provides that " every school district shall be a body corporate and have power to sue and be sued, to purchase, receive, hold and convey real and personal property for school purposes; to build, purchase, hire and repair school houses, and supply them with fuel, furniture and other appendages and accommodations; to establish schools of different grades; to purchase globes, maps, blackboards and other school apparatus; to establish and maintain a school library; to employ teachers, except for such time as the town may direct the school visitors to employ the teachers, and pay the wages of such teachers as are employed by the district committee in conformity to law; to lay taxes and borrow money for all the foregoing purposes; and to make all lawful agreements and regulations for establishing and conducting schools, not inconsistent with the

regulations of the towns having jurisdiction of the schools in such district."

There is no authority conferred on a school district to raise money other than such as is conferred by this statute. The grant of power to raise money for the specified purposes is doubtless a prohibition of the raising of money for any other purpose.

The entire complaint in the action brought by the Atwaters against Carmalt, O'Brien, Adler and Hewlett appears in the statement, as well as the whole of the answer made by the present defendants. The gravamen of that complaint is, that Carmalt, O'Brien, Adler and Hewlett had conspired and agreed together to injure the business reputation and standing of the Atwaters and to hinder and obstruct them in the prosecution of their business, and to prevent them from dealing with the school district; and that, in pursuance of such conspiracy, they seized and secreted a bid which the Atwaters had made to the school district to furnish stationery for use in its schools; and in further pursuance of the same conspiracy that they had falsely stated to different parties that the Atwaters carried on their business dishonestly and had cheated the school district.

The answer made by the defendants in the present case is quite long. It contains eleven paragraphs, each of which is here condensed as much as is possible. The substance of them is—First, that the said William J. and Edward I. Atwater, about August, 1889, contracted with the board of education for the district of New Haven to furnish writing paper of an agreed quality for the use of the district, and on the 20th day of November, 1889, presented a bill of $2,205.70 therefor. Second, that said board, believing the quality of the paper so furnished to be inferior, refused to pay said sum, but tendered to said Atwaters in full the sum of $2,000. Third, that said Atwaters took said $2,000, but refused to accept it in full, and afterwards brought a suit against the district to recover the balance of $205.70. Fourth, that the district defended in the suit, alleging by way of defense the inferior quality of the paper, and the

acceptance of the sum tendered. Fifth, that before the decision of the case, and about July 15th, 1890, said board wished to make another contract to furnish paper for the district; that they did not publish for bids, nor did they request said Atwaters to furnish any prices. Sixth, that on July 15th, Edward I. Atwater handed to Hewlett a sealed package, saying it was a proposal of prices for which said Atwaters would furnish paper. Seventh, that said board, believing said Atwaters had not complied with their former contract, and deeming it to be for the best interests of the district not to deal with them, did not open said sealed package. Eighth, that on the 29th day of July, 1889, said suit was decided in favor of the district, the court deciding that the said Atwaters had accepted said $2,000 in full, and also finding the issue with regard to the quality of the paper in favor of the Atwaters. Ninth, that on the 12th day of September, 1890, the said Atwaters brought a certain action of tort against Carmalt and the others (which is the suit hereinbefore mentioned). Tenth, that said board on the 19th day of September, 1890, voted to retain counsel and defend at the expense of the district the said suit. Eleventh, that " in taking said action said board and all of the members thereof had either personal knowledge or the belief that the defendants in that suit, in all their dealings or refusals to deal with the Messrs. Atwater, had acted in good faith, according to their best judgment as to what was for the best interest of the district and their duty in the premises, and without any intent to do wrong or injustice to the Messrs. Atwater; and said board and the members thereof believed in good faith that said suit had been brought by said Atwaters against the said Carmalt, O'Brien, Adler and Hewlett in their capacity as members of said board or clerk thereof, and in which they had no private interest or concern."

Looking at the answer to determine its sufficiency, the first thing observed is that it does not deny any of the allegations in the present complaint, nor does it deny any of the matters and things alleged in the complaint of the Atwaters against

Carmalt and the others therein named.  Nor does it aver that the matters and things set forth in itself are the same matters and things alleged in the said Atwaters' complaint.  For the purpose of the present inquiry we must take the allegations in the present complaint as well as those in the Atwaters' complaint to be true.  Every material allegation in any pleading which is not denied by the adverse party must be deemed to be admitted, unless he avers a want of knowledge, etc. Rules under the practice act, art. 4, sec. 4.  *Primâ facie* the acts, matters and things charged in the Atwaters' complaint are such as would do them serious injury, and for which the defendants therein named might justly be subjected in damages.

It seems to us to be too plain for anything but statement that the school district of the city of New Haven has no interest in injuring the business reputation and standing of a copartnership of its citizens; nor is there any duty authorized by law, or imposed upon any of its officers or agents, to engage in a combination for such purpose, or to make charges of dishonesty and cheating.  Any attempt to use the money of the district to defend its agents from such acts would seem to be so palpable a misuse of it that the court would not hesitate to interfere by way of an injunction.

The answer we are now considering is in the nature of a plea in bar.  A plea in bar is one that undertakes to be a conclusive answer to the entire cause of action.  It follows from this property that in general it must either deny all or some essential part of the averments of fact in the complaint, or, admitting them to be true, allege new facts which obviate or repel their legal effect.  In the first case the pleading is said to traverse the matter in the complaint, and in the latter to confess and avoid it.  If the new facts are such as destroy the *primâ facie* legal effect of the facts averred in the complaint, it defeats the action.

We have seen that there are no denials in the answer.  We are to inquire then whether the facts in it are such as destroy the *primâ facie* legal effect of the matters alleged in the complaint.  That is to say, does the answer show that the acts

which the Atwaters' complaint charges said Carmalt, O'Brien, Adler and Hewlett with doing, and which are admitted by the pleadings to have been done by them, are such that they come within the rule hereinbefore stated as necessary to justify the expenditure of the money of the school district in their defense? If it does, then the answer is sufficient and the demurrer was properly overruled. If it does not, then the demurrer should have been sustained.

We have examined the answer with care and are not able to find such facts in it. The first ten paragraphs recite certain things done by the said Carmalt and the others, and certain things done by the board of education. All these things so stated are confessed by the demurrer to be true. But they are all consistent with the acts and things charged by the Atwaters. Neither the truth nor the legal character of any of the matters alleged by the Atwaters is changed by any or all the things so stated. The eleventh paragraph declares the knowledge or belief of the members of the board that the said Carmalt, O'Brien, Adler and Hewlett had acted in good faith in what they did, and the belief of the members of the board that it was for the best interests of the district not to deal further with the Atwaters. The whole force of the paragraph is expended on the belief of the members of the board. It does not allege, as a fact, that Carmalt and the others acted in good faith. It says the members of the board believed they did so act.

The fact of their good faith is one thing. The belief of the members of the board in their good faith is quite a different thing. But if their good faith be admitted, there is nothing in the answer to show any duty resting on them to do what they did; nor anything to show an interest in the district to have it done.

One reason of demurrer was that the answer did not show any authority in the board of education to expend the money of the district in the way they had voted to expend it. We have had no occasion to consider this question. In this case it made no difference, because we are of opinion that under the circumstances as here presented the district it-

self could not properly assume the defense of the suit. In any case it would be a very grave question whether a municipal corporation could make an indemnity to one of its own officers in any other way than by a vote in a meeting duly called for that purpose.

There is error in the judgment appealed from and it is reversed.

In this opinion the other judges concurred.