## HARRY TARLOV *vs.* SAMUEL G. ADAMS.

. Third Judicial District, Bridgeport, April Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Whether the conduct of a plaintiff was that of an ordinarily prudent
   person under like circumstances, is to be determined as an infer-
   ence or conclusion of fact from the subordinate or evidential facts;
   and the decision of the trier will not be reviewed by this court upon
   appeal, unless it appears that in reaching it some rule or principle
   of law has been violated.

Argued April 13th—decided May 5th, 1922.

ACTION to recover damages for injuries to the plain-
tiff's automobile, alleged to have been caused by the
defendant's negligence, brought to and tried by the
Court of Common Pleas in Fairfield County, *Booth, J.;*
facts found and judgment rendered for the defendant,
and appeal by the plaintiff. *No error.*

*John T. Dwyer,* for the appellant (plaintiff).

*Freeman Light,* with whom was *John H. Light,* for
the appellee (defendant).

PER CURIAM. The trial court found that the damages
for which the plaintiff sues, were caused by the de-
fendant's negligence to which the plaintiff essentially
contributed. Among the facts found are the following:
The plaintiff was traveling in his automobile in a
southwesterly direction on the Connecticut Turnpike
in Norwalk, while the defendant's chauffeur was
traveling in defendant's automobile in a northeasterly
direction. As plaintiff approached a point almost
opposite Wehrle's Garage, he signaled his intention
to cross the highway, reduced his speed and turned

sharply to the left across the highway, intending to drive into the garage. When his automobile had nearly passed the traveled portion of the highway and was near the curb line on the opposite side of the highway, the defendant's car crashed into the forward part of his car causing the injuries complained of.

The court found (1) that the defendant's driver was negligent in driving his car at a rate of speed that was not reasonable and proper, and in not having control of the same, and (2) that the plaintiff, in turning in front of the defendant's car, was himself negligent, and that this essentially contributed to the damage suffered by him as a result of the collision. The court's conclusion as to plaintiff's conduct depended upon its determination that the conduct of the plaintiff, viewed in the light of all the facts in evidence, was not the conduct of the man of ordinary prudence in the same circumstances. "Such an inference or conclusion will, speaking generally, be treated by this court as one of fact, which will not be reviewed where the facts have been properly found, unless the court can see from the record that in drawing such inference the trier imposed some duty upon the parties which the law did not impose, or absolved them from some duty which the law required of them under the circumstances, or in some other respect violated some rule or principle of law." *Farrell v. Waterbury Horse R. Co.*, 60 Conn. 237, 257, 21 Atl. 675, 22 *id.* 544. In reaching its conclusions the court applied this standard and violated no rule or principle of law.

There is no error.