MERRITT B. CHALKER
*vs.*
TOWN OF OLD SAYBROOK

Court of Common Pleas    Middlesex County    File No. 153

MEMORANDUM FILED JULY 15, 1943.

*Gross, Hyde & Williams,* of Hartford (by *Wallace W. Brown*), for the Plaintiff.

*Louis M. Schatz* and *Nathan A. Schatz,* of Hartford, for the Defendant.

FITZGERALD, J.  The judgment to be entered in this case doubtlessly will be appealed to the Supreme Court of Errors.*  For that reason it would serve no useful purpose to attempt to set out in detailed form the subordinate facts of the case which were developed in the course of a three-day trial.  This phase will be left for a finding on appeal, if an appeal there should be.  For the benefit of counsel, however, it is stated at this time that the allegations of fact contained in the complaint and amendment thereto (exclusive of certain allegations in the nature of conclusions) are in the main found for the plaintiff.  In the last analysis the material facts of the case are not in dispute and could well have been submitted to the court on a stipulation.

The plaintiff is, and ever since its establishment has been, a member and chairman of the zoning board of appeals of the defendant town.  In this action plaintiff is seeking indemnification from the defendant for expenses incurred by him in connection with earlier proceedings in the Superior Court in which his board had invoked, but without success, the assistance of that court in enforcing an order of the board directed to one Phelps and one Torrenti.

It appears that the defendant town, purportedly acting by

* No appeal was prosecuted[ed.

and through its First Selectman, was not in favor of its zoning board instituting proceedings in the Superior Court to enforce its order respecting the Phelps-Torrenti matter. So also, it appears that Mr. Nathan A. Schatz, an attorney residing in Hartford with a summer residence in Essex, who for some years past has acted as legal adviser for the defendant town on a small annual retainer, advised plaintiff that the outcome of the Superior Court proceedings was doubtful and took the position that the defendant should not lend its support in that action.

The short of the matter, therefore, is that the plaintiff with the approval of the other members of his board engaged the services of Attorney Theodore P. Moser of Clinton to institute the proceedings in the Superior Court against Phelps and Torrenti and to conduct the trial therein. It is conceded that Mr. Moser's bill in the amount of $350 for services rendered in the Superior Court is reasonable. So also, it is conceded that the sum of $91.06 incurred in connection with that proceedings represents legitimate and reasonable expenses.

The question in the case is whether the plaintiff is entitled to indemnification from the defendant for the sum of $441.06 ($350 plus $91.06). The cash disbursements ($91.06) were paid out of pocket by the plaintiff. The attorney bill ($350) has not to date been paid but the plaintiff has given his personal note to Mr. Moser, payable on demand, and is obligated thereunder in the amount stated.

In passing, it should be noted that the plaintiff assured his fellow board members that they would not be held personally responsible for the expenses of the Superior Court proceedings; that he would assume these expenses and endeavor to have the defendant town reimburse him, which to date it has not done. Hence the case at bar has resulted.

Additional observations in the nature of findings and conclusions will suffice in the order of importance:

1. The plaintiff in engaging the services of Attorney Moser did so on behalf of the zoning board of appeals of which he is and was chairman, and with the knowledge and approval of that board.

2. These services were secured for and on behalf of the board to enforce an order it had directed against Phelps and

Torrenti in its official capacity as an arm of the town government.

3. By law, the board had the right to apply to the Superior Court in the enforcement of its directory orders. (See Gen. Stat. [1930] §430.)

4. The plaintiff, as a public officer, has been compelled to pay the sum of $91.06 as expenses growing out of the Superior Court proceedings, and has personally obligated himself in the amount of $350 de attorney fee for the board in its official capacity.

5. The fact that the Superior Court proceedings were resolved for the defendants (Phelps and Torrenti) therein is not important.

6. The plaintiff and his fellow board members acted in good faith and in the discharge of his and their official duties and in the belief that they were serving the best interest of the town government and the community in general.

In the recent case of *Maitland vs. Town of Thompson,* 129 Conn. 186*, the plaintiffs as taxpayers sought unsuccessfully to enjoin permanently the defendant town, its selectmen and treasurer, from paying a bill for legal services rendered to members of its board of education on the defense of a libel action brought by the former superintendent of schools of the town. That case is not factually in line with the case at bar for the reason that it appears (p. 190) that the town ratified the action of the board of education "in incurring the legal fees in question." This element is not present in the case at bar. Be that as it may, neither the plaintiff herein nor his fellow board members are agents or employees of the defendant town in the ordinary sense of the word. Collectively, they comprised a legal entity under chapter 29 of the General Statutes, Revision of 1930, and amendments thereto. The board's power conferred by law to institute legal proceedings to safeguard its mandates, should be held to include the right to engage counsel in pursuance thereof. This appears particularly true when, as in the case at bar, the First Selectman, who has nothing to do with the enforcement of the board's mandates, decides that the interest of the town does not require the instituting of the proceedings in a court

* Memorandum of trial court reported in 9 Conn. Sup. 442.

to enforce the official actions of the board. Were the rule otherwise, the function of a zoning board would become a nullity; the enforcement of its orders would be made to depend upon considerations that could well be extraneous in character, depending upon the state of mind of other town officials and their personal inclinations respecting individual matters which had come before the board for official action and upon which official action had been taken.

There is no question but that the plaintiff never applied to the board of finance for reimbursement. The evidence at the trial has satisfied the court that such application would have been futile. The First Selectman, and Mr. Nathan A. Schatz as unofficial legal advisor for the town (it does not appear that he had ever been officially appointed to the office of town counsel) had made up their minds in the direction of nonpayment. Hence, in a manner of speaking, the plaintiff was left out on a limb unless principles of law can assist him in climbing back to the trunk of the tree.

The court concludes upon the evidence and the law that the plaintiff is entitled to indemnification. "The conditions justifying the indemnification of a public officer for a loss incurred in the discharge of his official duties were defined in the case of Hotchkiss vs. Plunkett, 60 Conn. 230, 234, 22 A. 535, as follows: The officer must have been acting in a matter in which the corporation has an interest; he must have been acting in the discharge of a duty imposed or authorized by law and he must have acted in good faith." *Maitland vs. Town of Thompson*, 129 Conn. 186, 190-191. These elements are found to be present.

It has been previously noted that the Superior Court proceedings cost the plaintiff in all, $441.06 (bill of Attorney Moser, $350; disbursements, $91.06). The plaintiff's demand note to the order of Mr. Moser does not carry interest as an incident. Hence, interest to date on this item is not allowed plaintiff in the judgment to be entered. Technically, the plaintiff is entitled to interest on the various amounts comprising the cash disbursements' item of $91.06 which were paid out by him between January, 1939 and August, 1941, and some even later. The interest thereon would be negligible and, in addition, extremely difficult to calculate. The court is of the opinion that the plaintiff should not insist upon a computation of interest on this aspect of damages and treats this phase as waived.

In view of the foregoing, the issues are found for the plain-tiff. Accordingly, judgment will enter for the plaintiff to recover of the defendant damages in the amount of $441.06 with costs of this action.