Filed Oct. 8, 1885.

No. 12,309.

CULLEN ET AL. *v.* THE TOWN OF CARTHAGE.

TOWN.—*Power to Employ Counsel to Defend Action Against Marshal.*—The board of trustees of a town in this State have incidental power to employ counsel to defend an action for false imprisonment brought against the town marshal by one arrested by him for the violation of a town ordinance, and a claim for services rendered under such employment may be enforced in an action against the town.

From the Rush Circuit Court.

*W. A. Cullen, B. L. Smith* and *W. J. Henley,* for appellants.
*C. Cambern, T. J. Newkirk, J. Q. Thomas* and *J. J. Spann,* for appellee.

ZOLLARS, J.—A demurrer was sustained below to appellants' complaint. That ruling is assigned as error. Counsel have discussed the question of the sufficiency of the complaint upon the assumption and concession that it makes this case, viz.: Oliver Wiltse was the marshal of the town of Carthage. One Drury Holt, in violation of the town ordi-

nances, was drunk and disorderly, and made a serious and deadly assault upon Dr. Bogart, a peaceable and quiet citizen of the town. For this infraction of the ordinances, the marshal arrested him and placed him in the town prison. Holt afterwards brought a suit against the marshal for false imprisonment. The board of trustees of the town employed appellants as attorneys to defend the marshal in that action. This they did successfully, following the case through this court. *Wiltse* v. *Holt,* 95 Ind. 469.

The town now refuses to pay them for their services, upon the ground that the employment and contract by the board of trustees was *ultra vires* and void, and hence not binding upon the town. It is not necessary to decide as to whether or not a town marshal in this State is so far the agent or servant of the town that it will be liable for his negligence or torts. That question is not involved here.

If the employment by the board of trustees was *ultra vires,* and hence void, the town is not, and can not be estopped to make that defence at any time. In such a case, the fact that the services were rendered under the employment can avail appellants nothing. If the corporation were a private corporation, or if it were a case simply of an irregular exercise of power, the case would be different. *Driftwood, etc., T. P. Co.* v. *Board, etc.,* 72 Ind. 226.

The important question here is, was the contract of employment beyond the powers granted in the organic law of the corporation? One section of that act is as follows: "All moneys, however derived, belonging to such corporation, shall only be appropriated for such objects and defraying such expenses as accrue, or necessarily arise, in the exercise of powers granted by this act." R. S. 1881, section 3339.

It is settled that corporations, including municipal corporations, have the powers expressly granted, and such incidental power as may be necessary to carry out those expressly granted. The above section of the statute does not, we think, abridge this general rule, and does not inhibit the ap-

propriation of money to any purpose or object reasonably connected with or necessary to the powers granted.

The board of trustees have power to preserve peace and good order, and to prevent vice and immorality. To this end they have power to make and establish the necessary by-laws, ordinances and regulations, and fix fines, penalties and forfeitures for a violation thereof. R. S. 1881, section 3333, clauses 6 and 16, and section 3346. The marshal is to execute the orders of the trustees and enforce the by-laws and ordinances. R. S. 1881, section 3327.

Under the above sections, power is given to the trustees to accomplish one important object of the corporation, by preserving peace and good order, and preventing vice and immorality. In whatever will promote these very important ends the corporation is interested. Such an interest has been declared to be the test of authority. Dillon Mun. Corp., section 147, and cases there cited. It is upon this test that it has often been held that municipal corporations have power to indemnify their officers against liability which they may incur in the *bona fide* discharge of their duties, although the result may show that the officers have exceeded their legal authority. And upon the same test, and grounded upon the same reasons, it has been held also that the corporation may appropriate money to defend suits brought against its officers for acts done in good faith in the discharge of their official duties.

In the case of *Sherman* v. *Carr,* 8 R. I. 431, it was held that the city council might appropriate money to defend the mayor in an action for false imprisonment, based upon the ground that he had exceeded his authority. There was a limitation in the city charter very similar to the statute above set out, that the council should not have power to appropriate money, except for the regular, ordinary and usual expenses of the city.

This case, involving, as it does, a statute so similar to that involved in the case in hearing, is authority to support ap-

pellants' claim and the interpretation we put upon our stat-
ute. See, also, to the same effect, *Briggs* v. *Whipple,* 6 Vt.
95; *Baker* v. *Inhabitants of Windham,* 13 Maine, 74; *Pike*
v. *Middleton,* 12 N. H. 278; *State* v. *Council of the Town of
Hammonton,* 9 Vroom, 430; S. C., 20 Am. R. 404.

In the case of *Fuller* v. *Inhabitants of Groton,* 11 Gray,
340, it was held that the town had power to appropriate money
to defend a school committee against an action for libel, al-
leged to be contained in one of their reports to the town.
Among other things it was said : "That towns have power
to raise money to indemnify their officers against liabilities in-
curred or damages sustained in the *bona fide* discharge of their
duties is now well settled." In support of this statement,
the court cite *Nelson* v. *Milford,* 7 Pick. 18 ; *Bancroft* v.
*Lynnfield,* 18 Pick. 566 ; *Hadsell* v. *Hancock,* 3 Gray, 526.

In passing upon the main question in the case before us,
we have adopted the construction of the complaint placed
upon it by counsel, and dispose of it upon the assumption
that in arresting and imprisoning Holt, the marshal was en-
gaged in an effort to enforce an ordinance of the town, and
to thus preserve peace and order. That the ordinances should
be thus enforced, and that peace and order should be pre-
served, are matters in which the town is interested. Under
the cases already cited, it would seem to be clear that the
board of trustees might have indemnified the marshal against
liability in his efforts to thus enforce the ordinances and pre-
serve peace and order.

One of the essential things in the enforcement of laws and
the conservation of the peace and quiet of a community is, that
the people shall have that respect for the constituted au-
thorities that arises out of a common understanding that the
laws will be rigidly executed.

In every community there is a greater or less number of
people who yield obedience to the law, and respect the rights
of others, simply because they fear the consequences of an
opposite course. It is necessary that such shall be made to

understand that the laws will be executed, and that the executive officers will be sustained in their efforts to execute them.   If it should be understood that the marshal of the town is left without support from the governing body, to defend himself against all manner of suits that might be instituted against him, the vicious and violent might, by a succession of annoying suits against him, greatly cripple the enforcement of the ordinances.   Such an understanding would, at least, have a tendency to embolden the vicious and intimidate the marshal.   Upon these considerations and others that might be urged, and upon an examination of the whole case, we think that the town had such an interest in the result of the suit against the marshal as authorized the board of trustees to employ appellants to make the defence.   The board of trustees having such authority, and the services having been rendered in good faith under the employment, it is too late now for the town to refuse to pay for the services.   Whether or not such employments shall be made in any particular case, of course, will rest in the sound discretion of the board of trustees.

In dealing with the complaint, we have, as before stated, adopted the construction placed upon it by counsel.   Upon that construction it is sufficient, and makes a case in favor of appellants against the town, and the court below erred in sustaining the demurrer.   The judgment is reversed at the costs of appellee.

We suggest that, before trial, the complaint ought to be made more certain and specific.

