T. A. GORMLY, Appellant, v. TOWN OF MT. VERNON, Appellee.

Municipal corporations: UNAUTHORIZED ACTS OF OFFICIALS: LIABILITY OF TOWNS. There is no fixed obligation on the part of a town to reimburse an officer who errs in his duty and commits an unauthorized and unlawful act whereby damage is imposed upon him in consequence of the wrong done.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

THURSDAY, JULY 12, 1906.

REHEARING DENIED, MONDAY, MAY 20, 1907.

THIS is an appeal from a ruling of the court below sustaining a demurrer to plaintiff's petition. The substance of the allegations of the petition follows. It is said: That in the year 1899 the town council of the defendant town — a municipal corporation of this State — passed a resolution as follows: " Moved and seconded that the marshal and street commissioner be ordered to remove the sidewalks and fences now standing across Penn street. Carried." That plaintiff, as mayor of said town, and acting solely in his official capacity, directed the marshal and street commissioner to open Penn street, which they did by removing the obstructions and fences thereon. That one Young, claiming to be the owner of the ground theretofore inclosed, proceeded to rebuild the fence; and while so doing, and to prevent further interference with the work of carrying out the order of the town council, he, said Young, was arrested by R. J. Alexander, street commissioner, but without a warrant, and brought before plaintiff as mayor. That, as no information was filed, he, said Young, was discharged and released. That thereafter

said Young commenced action in the District Court of Linn county against the plaintiff for damages, alleged to have been sustained on account of said arrest; the charge against plaintiff being that, as mayor of the town, he had upheld and authorized such arrest. And plaintiff says that he was compelled to appear and defend said cause at great expense, and to pay a judgment recovered against him therein in favor of said Young.

Further pleading, plaintiff says that said Young also commenced a suit in said District Court against himself and others, charging that he, this plaintiff, had conspired with other members of the town council to injure the premises of said Young, and setting up the acts done in connection with the council proceedings as stated in the first paragraph of the petition; that said action was tried and resulted in a judgment in favor of said Young, but that on appeal such judgment was reversed and thereafter the action was dismissed. Plaintiff says that on account of said action he was put to expense in a sum named.

In a second count of the petition there is alleged a similar action as for conspiracy, commenced by said Young against R. J. Alexander, street commissioner of said town, which he, said Alexander, was compelled to defend at great expense, etc., and which action upon trial was also dismissed; that assignment of all right and claim as against the defendant town has been assigned to plaintiff. The general allegation is then made that all the things done by plaintiff and Alexander out of which said actions grew were had and done by them strictly in the line of their official duties, and as commanded thereto by the said resolution adopted by the council of the defendant town; that plaintiff has presented to the council a claim and demand asking that he be reimbursed for all the costs, expenses, and payments made by himself and Alexander as stated, which claim and demand has been refused. The demurrer declares in various forms for the non-liability of the town either to plaintiff or to Alexander on ac-

count of the matters pleaded. The demurrer having been sustained, plaintiff elected to stand on the ruling, and from the judgment entered, dismissing his petition and for costs, he appeals.— *Affirmed.*

*Jamison & Smyth,* for appellant.

*William Dennis,* for appellee.

BISHOP, J.— It will be observed that the motion or resolution of the council was addressed to the marshal and street commissioner. The contention of counsel in argument is that as matter of law it was the duty of plaintiff to execute and enforce the orders of the council, and that in giving direction to the marshal and street commissioner to proceed he was acting strictly within the line of his official duty. Conceding for present purposes the proposition of law thus contended for, the situation presented by the first count of the petition, as related to the arrest of Young and what followed, may in fairness to plaintiff be stated thus: While acting in the line of his duty in directing the removal of obstructions in a street of the town, and conceiving that Young was unlawfully interfering with the performance of the work, plaintiff assumed to authorize Alexander to arrest him without a warrant; that upon being brought before plaintiff as mayor said Young was discharged for want of an information filed; that thereupon Young commenced an action against plaintiff for false arrest and imprisonment which action plaintiff was required to defend, and in which judgment was recovered against him which he paid. No argument ought to be needed to make it plain that out of this no cause of action arose in favor of plaintiff against the town. On his own showing, plaintiff was haled into court and mulcted in damages because of his own unauthorized and unlawful act. That was the substance of the charge made against him, and such must be the effect given the judg-

ment which he says was entered against him. It is certain on reason and authority that for the unlawful act of plaintiff in causing or being concerned in a false arrest and imprisonment of Young the town would not be liable to the latter in damages. *Caldwell v. City of Boone,* 51 Iowa, 687; *McFadden v. Town of Jewell,* 119 Iowa, 321. 19 Cyc. 336. It would be utterly beyond all bounds to say that in the case of an officer of a town, who errs as to his duty and commits an act not only unauthorized but unlawful, whereby another suffers injury and damage, a legal obligation arises on the part of the town to reimburse such officer for the costs, expenses, and damage imposed upon him in consequence of his wrong so done. No one of the cases cited in the brief of counsel for appellant is in conflict with this view. Counsel call our attention to several cases holding it to be within the discretionary power of a municipality to make reimbursement to an officer proceeded against as was this plaintiff. Among others are *Sherman v. Carr,* 8 R. I. 431; *Cullen v. Town,* 103 Ind. 196 (2 N. E. 571, 53 Am. Rep. 504); *City of Murphy,* 94 Minn. 123 (102 N. W. 219, 68 L. R. A. 400). And possibly such is the law. But there is a wide difference between an exercise of discretionary power to thus favor an officer and a fixed obligation which may be enforced by such officer in an action at law.

What has been said above applies equally to the situation as presented by the averment of the action against plaintiff for a conspiracy. The wrong with which he was charged could not be said to have been connected in any way with a performance of official duty. No authority is cited to our attention, and we know of none, holding that the town can be compelled to reimburse him for costs and expenses thus incurred.

As the claim set out in the second count of the petition, and held by plaintiff under assignment from Alexander, is similar in character to the one we have been considering,

the same may be considered disposed of by what has already been said.

We conclude that there was no error, and the judgment is *affirmed*.