HENRY G. NEWTON *vs.* THE TOWN OF HAMDEN.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In a matter in which it has an interest, a municipal corporation may indemnify its agent or officer who has acted in good faith in the discharge of a duty imposed or authorized by law, or may assume the defense of a suit brought against him for such acts.

In the present case the acting school visitors and two members of the town school committee, acting in good faith, investigated certain rumors affecting the moral fitness of a teacher in the service of the town, and upon becoming satisfied of their truth, so informed her, but upon her denial suggested a continuance of the investigation or her resignation; whereupon she resigned and sued them for conspiring to force her out of her position. *Held :—*

1. That the defendant town, having assumed the maintenance and control of all the public schools within its limits, had a direct interest in the fitness of its teachers and in the subject-matter of the investigation.

2. That in making the investigation those who conducted it clearly acted within the lines of their duty.

3. That it was immaterial that they themselves had no power to discharge the teacher, but could only report their conclusions to the entire committee; since they did not undertake to dismiss her, or to pass any judgment in the matter.

4. That it was competent for the town either to employ counsel to defend the suit brought against said investigators, or to ratify the action of its town school committee in retaining an attorney for that purpose.

The complaint alleged that the school committee of the defendant town had employed the plaintiff as an attorney to defend its members when sued for their acts as such; that they had reported their action to the town in their annual report, printed and circulated among the voters, and that thereupon, at a town-meeting specially warned to determine what part, if any, of the plaintiff's fees the town would pay, after a full discussion a motion forbidding the selectmen to pay any attorney fees in such action was defeated, which action was taken with the full understanding that if said motion was defeated the action of the school committee would be carried into effect; and that afterward the town paid the plaintiff for the services rendered to that time, and that he had subsequently rendered further proper services under the same employment. *Held* that these allegations estab-

lished at least a prima facie obligation upon the part of the town, either by way of ratification or of estoppel, to compensate the plaintiff for his services thereafter rendered and his expenses thereafter incurred pursuant to such employment.

Argued June 6th—decided July 30th, 1906.

ACTION to recover for professional services rendered by an attorney at law, brought to and tried by the Superior Court in New Haven County, *George W. Wheeler, J.*, upon demurrer to the complaint, after some of its paragraphs had been expunged (*Case, J.*) on motion; the court sustained the demurrer and rendered judgment for the defendant, from which the plaintiff appealed. *Error and cause remanded.*

. *Harrison Hewitt* and *Charles F. Clarke*, for the appellant (plaintiff).

*James H. Webb*, for the appellee (defendant).

PRENTICE, J.  The plaintiff sues to recover for his services rendered and expenses incurred as an attorney at law in the defense of an action in the courts of this State. To his substituted complaint as it stood after certain of its allegations had been expunged upon motion, a demurrer was filed and sustained.  This action of the court in sustaining the demurrer is assigned as error.  The demurrer in terms specifies various reasons of demurrer.  In substance, however, these reasons resolve themselves into two, to wit: (1) because it appears that the services and expenses for which recovery was sought were of such a character that the defendant could not lawfully assume to pay therefor; and (2) because it did not appear that the defendant had ever, by its own action or by that of any authorized agency, employed the plaintiff or agreed to pay him, or assumed to do so by the approval of his bill rendered.

The action which the plaintiff appeared to defend was one, as the complaint discloses, which was brought by

one Maud Hough, a former teacher in one of the public schools maintained by the defendant herein as a consolidated school district, against one Cook, a member of the town school committee, one Clarke, another member of said committee and an acting school visitor, and one Foote, an acting school visitor not a member of the committee. It alleged a conspiracy between said three defendants to force the plaintiff out of her position as teacher in said school. The facts which furnished the foundation for this action are in the present complaint alleged in substance to have been that rumors derogatory to the moral fitness of said teacher, and charging her with misconduct in the school, having come to the ears of said Cook, Clarke and Foote, the latter two, as acting school visitors, made inquiries and visited said school for the purposes of investigation; that as the result of these inquiries and that investigation, and notwithstanding her denial, they became satisfied that she had misconducted the school as charged; that they then informed her of that fact, and in view of it and her denial suggested a further investigation or her resignation, and that she thereupon resigned. It is alleged that the action which said Cook, Clarke and Foote took in the premises was taken in good faith and in the performance of their duties as school officers, and that it was pleaded in defense of said action that it was so taken.

The first question presented is whether or not this defendant could lawfully indemnify the defendants in a suit so brought for the expense incurred by them in its defense, or, what amounts to the same thing, assume the burden of its defense. *Cushing* v. *Stoughton*, 6 Cush. (Mass.) 389; *Cullen* v. *Carthage*, 103 Ind. 196, 2 N. E. 571. The law regulating this subject is well settled in this jurisdiction. " The officer or agent of a municipal corporation may be legally indemnified, provided he has acted in good faith in the discharge of his official duty in a matter in which the corporation has an interest and with respect to a duty imposed or authorized by law." *Gregory* v. *Bridgeport*, 41 Conn. 76, 84. In *Hotchkiss* v. *Plunkett*, 60 Conn. 230, 234,

22 Atl. 535, the same principle is restated, but in different language more clearly bringing out the three conditions which must coexist, to wit: first, that the officer must have been acting in a matter in which the corporation had an interest; second, that he must have been acting in the discharge of a duty imposed or authorized by law; and third, that he must have acted in good faith. We have but to 'apply these tests to the facts alleged in the complaint.

The defendant had assumed the control of the public schools within its limits. By virtue of such assumption it had come under a duty imposed by statute. This duty involved the maintenance of proper schools according to certain prescribed standards and under certain prescribed conditions. This duty of maintenance, and the financial burden incident thereto, included that of paying the salaries of teachers. Maud Hough, therefore, before her resignation, was in the pay of the town and in the conduct of a public institution whose support came from the town treasury. In its corporate capacity, therefore, as charged with the duty of maintaining a proper school and as expending its funds to support her as a teacher and her school, it had a very direct interest in seeing that a proper school was kept by her, and that its moneys paid out to her and in the maintenance of her school were not wasted or worse than wasted by being made to serve improper ends through her unfitness or misconduct. *Cullen* v. *Carthage*, 103 Ind. 196, 198, 2 N. E. 571.

In towns which have assumed control of the schools, the law makes the town school committee the agency charged with the duty of seeing that the required means of public instruction are provided, and proper instruction given. To the end that there may be no failure in this public duty, they are clothed with large powers and vested with important duties. They are required to see that good public schools are maintained in the various parts of the town, and empowered to examine, employ and dismiss teachers therefor. General Statutes, § 2218. They are directed to appoint, from within or without their number, acting school visitors

Newton v. Hamden.

upon whom the statutes impose important functions of visit-
ation, inspection, report and recommendation.  General
Statutes, §§ 2165, 2166.  It is clear that Cook and Clarke
as committeemen, and Clarke and Foote as school visitors,
were, upon the facts alleged, acting within their plain duty
as such officials in the investigation which they set in mo-
tion or undertook for the purpose of ascertaining the fitness
and propriety of conduct of one of the town's teachers,
against whom disparaging rumors were abroad.  Nor can
it be said that because two of them, who were making a
personal investigation at the school, informed the teacher
of its conclusion as to the truth of certain charges to which
their inquiry had led them, and then suggested to her that
in view of her denial a further investigation should be had
unless she saw fit to voluntarily resign, they so transcended
their powers as to make their action individual and not of-
ficial.  They, it is true, had no power of dismissal.  They
did not have the power of final judgment.  The limits of
their power were investigation and report to the commitee.
But they did not undertake to either pass judgment or dis-
miss.  They simply gave information.  This information,
so far as appears, concerned only their personal conclusions
and their future personal action as investigators.  So far
as appears, it may well have been information requested
or volunteered in the teacher's interest.  There is nothing
to indicate coercion, or attempts at action.  The situation
presented in the complaint is therefore not one of which it
can be said that official power was exceeded or official duty
transcended.

The allegation of the complaint that the action of these
officials was in good faith, disposes of the third condition,
so that it appears that those reasons of demurrer which fall
into the first one in our classification of them were not well
assigned.

The trial court did not pass upon the reasons of demurrer
which belong to the second group.  We are, however,
compelled to notice them, since if they are well founded
the action of the court was not erroneous, although placed

upon wrong grounds. *Selleck* v. *Head*, 77 Conn. 15, 18, 58 Atl. 224; *Lewisohn* v. *Stoddard*, 78 Conn. 575, 63 Atl. 621. The demurrer deals with only those allegations of the complaint which set up either original employment, express agreement to pay, or approval of bill rendered. It ignores those other allegations which are relied upon as establishing an obligation to pay by force of a ratification or estoppel. For this reason it could not have been sustained upon any ground outside of those already discussed. We ought perhaps, however, in view of the return of the case to the trial court, to pass upon the demurrer, giving it a wider scope than its language expresses, and as challenging the sufficiency of the complaint to impose upon the defendant an obligation to compensate the plaintiff in whatever way that obligation might arise.

The complaint alleges that the plaintiff was employed on behalf of the defendant by the secretary of the town school committee acting under the direct authority of a vote of that body, and that said committee had approved his bill. The demurrer asserts that this committee was without power to bind the defendant in the premises. We have no occasion to determine the issue thus raised, or other issues which touch only the question of original employment or express agreement to pay, in view of those other allegations supplemental to those thus demurred to, which, as we have seen, seek to impose an obligation by way of ratification or estoppel.

It is alleged that the school committee through its annual report, printed and circulated among the legal voters of the town and submitted to and accepted by the annual town-meeting next held, advised the town of its action; that thereafter at a special town-meeting warned for the purpose, among other things, of deciding what part, if any, the town should pay of the attorney's fees in said action, a motion was presented, fully discussed and with a full understanding defeated, which forbade the selectmen from drawing any orders upon the town treasurer for the payment of any counsel fees in said action, and from obligat-

ing the town to pay any moneys therein; that said action was taken upon the statement then made and full understanding had, that if the motion was defeated said vote of the school committee would be carried into effect; and that at a still later date, but before the rendition of the services for which recovery is now sought, the town paid the plaintiff $97 upon account of his services under said employment.

In the presence of such allegations it certainly cannot be said upon demurrer that the facts averred are of necessity legally insufficient to create by way of either ratification or estoppel an obligation upon the defendant to compensate the plaintiff for services thereafter rendered and expenses thereafter incurred by him pursuant to said employment. *Norwalk Gas Light Co.* v. *Norwalk*, 63 Conn. 495, 521, 28 Atl. 32.

There is error, and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.