STATE OF IOWA, Appellant, v. A. P. YORK, Appellee.

**Criminal law:** SUBMISSION OF ISSUES. The question of the guilt
1 or innocence of an accused is for the jury, unless there is a
total failure of evidence from which the jury may find the
allegations of the indictment true.

**Same:** ILLEGAL CONTRACT WITH TOWNSHIP TRUSTEE. The furnishing
2 of men and teams by a township trustee to perform labor
upon the highways, under an agreement with the road super-
intendent to pay for the services out of township funds, is a
criminal offense under the statute. The facts in the instant
case furnish sufficient evidence of an agreement for compensa-
tion to require a submission of the question to the jury.

*Appeal from Dallas District Court.*— HON. J. D. GAMBLE,
Judge.

TUESDAY, OCTOBER 15, 1907.

THE opinion states the case.— *Reversed.*

*H. W. Byers,* Attorney-General, *Charles W. Lyon,*
Assistant Attorney-General, and *Miller & Russell,* for the
State.

No appearance for appellee.

WEAVER, C. J.— During the year 1904 the defendant
held the office of township trustee in Colfax township, Dal-
las county, Iowa. Thereafter he was indicted by the grand
jury of said county on the charge that while holding said
office, he entered into a contract with one L. Fischel, road
supervisor of said township, to furnish, and did in fact in
pursuance of such contract furnish, a man or men and teams
to labor upon the highways of said township and received
payment therefor from the funds of said township in viola-
tion of statute. Code Supplement, section 468a. A plea

of not guilty having been entered, the case came on for trial
to jury, and at the close of the State's evidence the defendant
moved for a directed verdict of not guilty, on the ground
that there was no evidence tending to show that he had en-
tered into a contract as charged by the indictment. This
motion was sustained, the defendant discharged, and the
State appeals.

Without setting it out in detail, the evidence shows
clearly and without the slightest controversy that appellee
was township trustee as alleged in the indictment, and that
during his term of service, at the request
of the superintendent of roads of said town-
ship, he furnished the labor of himself and
sons and team in working and repairing the highways, for
which he was paid from the township funds about $150.
With this showing undisputed, we are wholly at loss to un-
derstand the grounds of the motion or the ruling of the trial
court. The sufficiency of the indictment in this case and
other like cases was before this court in *State v. York,* 131
Iowa, 635, and we there held that the matters charged con-
stituted an indictable public offense, and were sufficient to
put defendant upon trial therefor. If, then, as we must
hold the law of this case to be the matters charged in said
indictment were in manifest violation of law, the question of
defendant's guilt thereunder was a matter for the jury, and
not for the court, unless it can be said that there was a fail-
ure to produce any evidence upon which the jury could
properly find the matters so alleged to be true.

We have not been favored with any argument upon the
part of the appellee, and can only conjecture that the court
was influenced to sustain the motion for a directed verdict
because no express agreement was shown be-
tween the superintendent of roads and the
defendant as to the amount of services to be
rendered or as to the amount, terms, or time of payment
therefor. If such be the case, we have to say that both the

*Margin notes:*
1. CRIMINAL LAW: sub-mission of issues.

2. SAME: illegal contract with township trustee.

reasoning and the conclusion are unsound.   So far as the wages to be paid are concerned, the record shows that the township trustees, of whom the defendant himself was one, prescribed the amount which the superintendent of roads should pay for labor of man and team upon the highway. It also shows, as we have before stated, that the labor in question was furnished at the request of the road supervisor, and it follows therefrom that, even in the absence of any express stipulation therefor, a contract will be implied to pay for the labor furnished upon such request at the rate thus fixed, or, if this be not true, the law will imply a contract to pay for such labor its reasonable value.   Moreover, even if the doctrine of implied contract be wholly inapplicable to the case, the fact of the request by the superintendent and acquiescence by the defendant, the performance of the labor, and the giving and receiving of payment therefor from the township funds, would furnish sufficient evidence of the existence of an express contract to call for the submission of the question to the jury.   These propositions are so elementary that we do not feel justified in taking the time required to cite or review authorities in their support.   The trial court erred in sustaining the motion and directing the verdict.

In view of the fact that, under the record which has been made, the defendant cannot be again put upon trial, the cause cannot be remanded for another trial, but the ruling appealed must be, and it is, *reversed*.