C. S. PEET, Appellant, v. F. W. LEINBAUGH, Mayor, et al., Appellees.

MUNICIPAL CORPORATIONS: Contracts—Services by Officers—
1 Recovery. A city or town officer may not perform services for the municipality outside his official duties and legally recover therefor, even though, in performing such services, he acted in the utmost good faith. Sec. 879-q, Code Supp., 1913.

MUNICIPAL CORPORATIONS: Fiscal Management—Reimbursing
2 Officer—Criminal Acts. The discretionary power of the governing body of a municipal corporation to reimburse its officers for expenses incurred while such officers were lawfully and in good faith acting in the interest of the municipality, does not embrace the power to reimburse one of its officers for expenses incurred in attempting, in a civil action, to retain money unlawfully and criminally obtained from the municipality, even though the officer, in the original receipt of the money, personally acted in good faith, and did not realize that he was committing a crime.

*Appeal from Jones District Court.*—JOHN T. MOFFIT, Judge.

THURSDAY, SEPTEMBER 20, 1917.

G. L. EATON, while mayor of the town of Martelle, rendered services as a laborer, for which he was paid $7.90. During his term of office, factional differences arose between him and certain members of the council, including appellant herein, and for a time the orderly administration of the town's business was considerably disturbed. Bills

were contracted, but, on account of existing differences of opinion, were not promptly paid. The total amount of said bills, including the item of $7.90 above referred to, was $177.92. Apparently without authority of the council, the mayor and city clerk issued warrants upon the treasurer of said town in payment of the several bills making up the above aggregate amount. Eaton resigned from office in January, 1913, and sometime thereafter, a motion was made by one of the council to commence a suit in the name of the town against Eaton for the recovery of the above amount; but the mayor presiding declared the motion out of order. At another meeting of the council, a motion was passed by a tie vote of the council, Mayor Caffee voting in favor thereof, approving all bills paid and not approved during the Eaton administration. On April 22, 1913, appellant brought an action in his name, in his own behalf and that of others similarly situated, against the said Eaton and the town of Martelle, alleging in his petition that he was a taxpayer of said town, and that the said $177.92 had been wrongfully paid out on the order of said Eaton, and praying judgment against him thereon in favor of the said town. The defendant Eaton appeared and filed answer, alleging, among other things, that the expenditure of all of said funds was necessary and was made in good faith for the benefit of the said town. The defendant town of Martelle made no appearance, and judgment was entered against the said defendant Eaton in favor of the town for $8.39, being for the above item of $7.92, with interest thereon, together with costs amounting to $73.45. It appears from the record that the said Eaton incurred expenses in the sum of $40 for the services of an attorney in the above litigation. Thereafter the town council passed a resolution to pay the costs and attorney's fees taxed against Eaton and incurred on his behalf in the above cause; whereupon C. S. Peet, appellant herein, brought a suit against appel-

lees herein to restrain the payment thereof. A temporary injunction was issued, restraining appellees from paying said costs and attorney's fees; but, upon the trial of said cause upon its merits, the temporary injunction was dissolved, and plaintiff's petition dismissed. This appeal is from the judgment dismissing said petition and taxing the costs to the plaintiff.—*Reversed.*

*Clifford B. Paul*, for appellant.

*B. E. Rhinehart* and *E. A. Johnson*, for appellees.

STEVENS, J.—There are many charges in argument of bad faith against each of the opposing parties in interest, and evidently the factional differences above referred to have resulted in much bitterness of feeling between the respective litigants. The contention of appellees is that the labor performed by the mayor was necessary; that the town received the benefit thereof; that same was rendered in good faith and should be paid for; that said Peet, in prosecuting said suit, was not acting in good faith; that, in the suit brought by him against Eaton for the benefit of the town, he claimed $177.92, whereas judgment was rendered for but $7.90 and costs; and that the town council, in the exercise of its discretion, had authority to pay the costs taxed against Eaton, and also the expenses incurred by him for an attorney in defending against said suit.

1. MUNICIPAL CORPORATIONS: contracts: services by officers: recovery.

Section 879-q, Supplement to the Code, 1913, prohibits officers from being interested, directly or indirectly, in any services to be performed or material furnished for the town or city, and a violation thereof is made a misdemeanor. Under the foregoing statute, the city or town council was without authority to pay, and the said Eaton violated the statute when he received pay, for the services rendered as a

laborer to the said town. It is immaterial that the services may have been rendered in good faith. *Bay v. Davidson,* 133 Iowa 688; *State v. York,* 135 Iowa 529; *Harrison County v. Ogden,* 133 Iowa 677; *James v. City of Hamburg,* 174 Iowa 301. The town council declined to pay the item of $7.90 for labor rendered by the mayor, and the same was paid without its authority. The Supreme Court of Wisconsin, in *Chippewa Bridge Co. v. City of Durand,* 99 N. W. 603, uses the following pertinent language:

"The learned trial court found that the parties concerned in making the contracts in question acted in the utmost good faith. In one aspect of the matter, that is probably correct. The officers doubtless had no other motive than to secure for their city a bridge as cheaply as possible. In that sense, a public officer may act in good faith and yet be a willful lawbreaker, and guilty of a fraudulent appropriation of the people's money. If such officers knowingly or willfully use such money contrary to law, but otherwise to accomplish a legitimate purpose in a legal sense, they are guilty of acting in bad faith, and of an actionable misappropriation of such money, regardless of their good intentions. It will not do to allow such officers to escape responsibility in such cases because, though they broke the law, they acted in good faith. The law does not permit that, yet such species of good faith is one of the most common defenses insisted upon in cases of this kind."

Authorities are cited by appellees to

2. MUNICIPAL CORPORATIONS: fiscal management: reimbursing officer: criminal acts.

sustain their contention that the officers of a municipal corporation may, in the exercise of their discretion, appropriate money from the funds of such corporation to employ an attorney for, and even to pay a judgment against, an officer of such corporation, where the same was incurred in good faith and for the benefit of the corporation. Among the cases cited are *Gormly v. Town of Mt. Vernon,* 134

Iowa 394; *State ex rel. Crow v. City of St. Louis,* (Mo.) 73 S. W. 623. The cases cited and the doctrine established thereby are not applicable to a case where the officer knowingly and wilfully makes himself liable to a municipal corporation, in violation of the prohibitions of the statute. The Supreme Court of Wisconsin so held in the case cited supra.

The statutes prohibiting officers from dealing with the city in the manner provided are based upon sound public policy. As was said by this court in *Weitz v. Independent District,* 78 Iowa 37 :

"In our opinion, it would be most unwise and contrary to public policy to permit a board of directors to contract with one of its members in the name of the district. Such an agreement would in fact be between a portion of the members of the board on the one side, and a director as contractor on the other, and the contract might be determined by his own vote. Such a practice would give opportunity for the grossest frauds. Secret understandings might be entered into between a majority of the members of the board, by virtue of which different contracts might be parceled among them to the prejudice of the district. * * * Nor do we think the resident taxpayer should be compelled to show actual fraud in the contract in order to have it annulled. To require that would be to impose an obligation which would make the obtaining of relief impossible in most cases, however gross the fraud might in fact be."

In *Bay v. Davidson,* supra, this court, after referring to the case above cited, said :

"This court is committed to the doctrine that, the contract being invalid, it cannot be rendered valid so as to support an action for recovery by invoking the doctrine of estoppel."

The proposition of the town council was to appropri-

ate $103 of the public's money for the benefit of the former mayor of said town in the payment of costs and attorney's fees incurred by him in defending against a claim of $7.90 unlawfully paid to and appropriated by him out of the town's funds. As before stated, while the town council is clothed with some discretionary powers in the matter of incurring expense on behalf of its officers who, while acting lawfully and in good faith, and in the interest of the corporation, incur some liability, such discretion cannot be carried to the extent of permitting the use of the funds of the corporation to pay costs and attorney's fees incurred by a former officer in an attempt to retain a sum of money unlawfully obtained by him from such corporation while an officer thereof. The discretionary powers of such officers, if permitted to be exercised in this manner, would wholly circumvent and defeat the purpose of the statute, and, instead of protecting the corporation against the unlawful appropriation of its funds, would allow the expenditure of many times the amount unlawfully appropriated in aiding the party at fault to retain the same.

It is true, as contended by counsel for appellees, that the court found in favor of the defendant as to a large part of the money claimed, but the costs taxed by the court were permitted to stand, and it does not appear that a motion was made to retax the same, or that any part thereof was improperly taxed to the defendant. We are of the opinion that the court should not have dissolved the temporary injunction and dismissed plaintiff's petition, but, on the contrary, should have made the injunction permanent.

For the reasons pointed out, the cause is reversed and remanded to the district court, with directions that a decree permanently enjoining the defendants from paying any part of the costs and attorney's fees above referred to be entered, and that the costs of this proceeding be taxed to the defendant.—*Reversed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.