RUSSELL H. POPE ET AL. *v.* TOWN OF WATERTOWN

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND BALDWIN, JS.

Argued January 4—decided February 28, 1950.

*Harry M. Albert,* with whom, on the brief, was *Michael V. Blansfield,* for the appellants (plaintiffs).

*Walter W. Smyth,* with whom, on the brief, was *John H. Cassidy,* for the appellee (defendant).

DICKENSON, J. In this action a demurrer to the complaint was sustained, a substitute complaint was filed, a demurrer to this was sustained and judgment for the defendant was entered on motion. The plaintiffs have appealed, assigning error in the sustaining of both demurrers and in the denial by the trial court of a motion to cite in a new party defendant. The voluntary filing of the substitute complaint operated as a withdrawal of the original complaint and that is not before us except as a part of the history of the case. *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 234, 167 A. 715. The motion to cite in was made several years after the action was brought. It was within the discretion of the trial court to deny it. *Starr Cash & Package Car Co.* v. *Starr,* 69 Conn. 440, 445, 37 A. 1057.

The material allegations of the substitute complaint, admitted by demurrer, may be summarized as follows: The plaintiff Pope was a justice of the peace elected by the town of Watertown, the defendant, and was acting as a trial justice in the town. The plaintiff Flynn was a grand juror of the town. In discharge of their respective official duties they participated in the trial of Chester Gmitrzak, who was found guilty of criminal charges and committed to jail. Thereafter, Gmitrzak

was released from confinement by the Superior Court on a writ of habeas corpus. Subsequently, he brought a civil action against Pope and Flynn for false imprisonment and illegal detention, claiming an illegal judgment of guilty. After service of the complaint against Pope and Flynn they requested the first selectman of the town of Watertown for a recommendation of counsel to defend them. The first selectman advised them to obtain counsel of their own choice and, as to the question of expense, said that the case would have to be tried first and then the matter would be presented to the board of finance for appropriation. They engaged counsel to defend the action. On September 12, 1939, a letter was written to the board of finance asking for an appropriation to defend the action, to which there was no affirmative response. The plaintiffs settled the action against them during trial by the payment of $175. They incurred an obligation of $650 for legal services in connection with it. On or about October 10, 1941, a request was made to the chairman of the board of finance to bring the matter before that board. This was attempted, but it was found it could not be acted on in the absence of its inclusion as an item in the budget. On or about November 24, 1941, the board of selectmen of the defendant town was petitioned to call a special town meeting for an appropriation to indemnify the plaintiffs. What action was taken as to this is not alleged. The plaintiffs acted in good faith and without malice in the disposition of the criminal action against Gmitrzak.

We have had before us several cases involving the right of a municipality to reimburse a public officer for expenses incurred by him in connection with litigation growing out of acts done by him while acting in that capacity; *Gregory* v. *Bridgeport,* 41 Conn. 76; *Hotchkiss* v. *Plunkett,* 60 Conn. 230, 22 A. 535; *Keegan*

v. *Thompson,* 103 Conn. 418, 130 A. 707; *Maitland* v. *Thompson,* 129 Conn. 186, 27 A. 2d 160; but in each of them action had been taken by the municipality or its proper representatives in approval of the bill. This is the first time we have been called upon to determine whether a public officer can impose a liability upon the municipality without any such approval. Whether or not there may be circumstances which would support such a liability we have no need to determine. The complaint before us alleges that Gmitrzak, after having been found guilty in the proceeding and, as is clearly implied, sentenced to jail, was released therefrom upon habeas corpus. The only possible conclusion is that there was misconduct on the part of the plaintiffs in the prosecution, a conclusion fortified by the fact that they paid a substantial sum in settlement of the action Gmitrzak brought against them. In short, in this action they are seeking to impose a direct liability upon the defendant town for expenses incurred by them in the improper conduct of their offices, in the absence of any action on its part approving their claim. They cannot do that. *Gormly* v. *Mt. Vernon,* 134 Iowa 394, 397, 108 N. W. 465; *Hotchkiss* v. *Plunkett,* supra, 237; note, 130 A. L. R. 736, 737. The trial court properly sustained the demurrer to the substitute complaint.

There is no error.

In this opinion the other judges concurred.