ROSE H. ROGERS, ADMINISTRATRIX (ESTATE OF GEORGE C. ROGERS), ET AL. *v.* COUNTY COMMISSIONERS OF NEW HAVEN COUNTY

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE NO. 47520

Memorandum filed December 8, 1953.

*James F. Rosen* and *Louise U. Wit,* of New Haven, for the Plaintiffs.

*Ellsworth B. Foote,* of New Haven, for the Defendants.

MEYERS, J. On July 9, 1949, George C. Rogers was sheriff of New Haven County, James V. Porto was his deputy, and Edward Kromer was deputy jailer of New Haven County, duly appointed. On that date and upon the commencement of this action, Clarence F. Andrews, James Glennon and Edwin Raffile were the county commissioners for New Haven County. On July 9, 1949, and on September 19, 1949, actions were instituted against Rogers, Porto and Kromer in the Superior Court for New Haven

County at New Haven, seeking damages for "illegal detainer and illegal imprisonment," by New England Grinding Company, Inc., and Milton Chasnoff. Defendants therein did not ask the county commissioners to assign counsel, but requested Attorney James F. Rosen, one of the plaintiffs herein, to represent and defend them. Counsel did represent them successfully in the Superior Court of New Haven County at New Haven and in the Supreme Court of Errors, viz: New England Grinding Company, Inc., Superior Court, New Haven County, at New Haven, No. 72813; *Chasnoff* v. *Porto,* Superior Court, New Haven County, at New Haven, No. 73156; *Chasnoff* v. *Porto,* 140 Conn. 267.

The plaintiff Rosen claims $1511.65, which is stipulated as reasonable for professional services rendered Messrs. Rogers, Porto and Kromer, from July 9, 1949, to about February 1, 1952, also alleging, but not claiming compensation for, subsequent professional services as counsel from the last-named date to and including the successful presentation in the Supreme Court. It is clear that though written demand for payment to Rosen was made by him first on Rose Rogers, administratrix of the estate of George C. Rogers (who died on October 19, 1950), James V. Porto and Edward Kromer and, thereafter, on the county commissioners of New Haven County, payment was refused. The county commissioners of New Haven denied their legal liability.

The questions to be decided are: (1) Were the New Haven county commissioners obliged to furnish legal counsel to the plaintiff Rogers' decedent, Sheriff George C. Rogers, and plaintiffs Porto and Kromer? (2) Were the New Haven county commissioners obligated to pay the plaintiff Attorney James F. Rosen for legal services which he rendered George C. Rogers, his estate, and plaintiffs Porto and Kromer?

Since all counsel have agreed that the questions are original in this jurisdiction, that all parties of interest are parties to this action, and that there is a substantial uncertainty concerning a right to look to or recover from the county, this court does accede to the request that a declaratory judgment be rendered. Practice Book § 277; General Statutes, Cum. Sup. 1953, § 2352c.

A sheriff of a county is a public officer. 47 Am. Jur. 826, § 8. A sheriff of a county is chosen by the electors of his county to discharge the duties attaching to that position and is accorded a salary by the state of Connecticut to enable him to maintain his office. He holds his office, not as an "employee" under contractual relation, but as a public official under trust from the state, which has invested him with a portion of its sovereign power to be exercised in the interest of the public. *Silbey* v. *State,* 89 Conn. 682. A deputy sheriff holds an appointment as distinguished from an employment, and is a public officer. *State ex rel. Stage* v. *Mackie,* 82 Conn. 398, 401; *Russell* v. *Lawton,* 14 Wis. 202, 80 Am. Dec. 769. Deputies have the same powers as has their county sheriff. General Statutes, Rev. 1949, § 456. A deputy jailer, as a public officer, likewise holds his affiliation by appointment and is limited in powers to those permitted his principal. "Deputies are usually invested with all the power and authority of the principal. . . ." 43 Am. Jur. 220.

"A public office is the right, authority and duty, created and conferred by law, by which . . . an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." Mechem, Public Officers, § 1. Every person who seeks to obtain, through the dealings with the officer, the obligation of the public, must at his peril ascertain that the proposed act is within the scope of the authority

which the law has conferred upon the officer. *The Floyd Acceptances,* 7 Wall. (74 U.S.) 666; *McDonald* v. *Mayor,* 68 N.Y. 23, 26. The government is bound only when there is actual authorization. *Mayor* v. *Eschbach,* 18 Md. 276, 282.

County commissioners is "the title of the governing board or body of a county, in many states." Ballentine's Law Dictionary. Thus the defendant county commissioners are simply state officers who are the governing board or body of New Haven County with the same limitations upon their operations as those which circumscribe the powers and duties of the county. Such statutory powers and duties are ably set out elsewhere and reference is made thereto. See *General Hospital Society* v. *New Haven County,* 127 Conn. 53, 57.

It is clear that Rogers, Porto and Kromer were not agents, servants or deputies of the county commissioners. None of them were appointed by the county commissioners. The sheriff could not be removed at all, nor could either of the others have been separated from their respective offices by the county commissioners at that body's fancy and pleasure alone. General Statutes, § 463. In the cases of the deputy sheriff and deputy jailer, the sheriff of the county had unlimited powers to hire and fire each of these officers. General Statutes § 461.

The county commissioners were not parties to the original actions defended by Attorney James F. Rosen, nor did they stand to lose thereby. No judgment could have been rendered against them. What is more, they did not ask for, contract for, or profit by the services rendered by Attorney Rosen in behalf of Rogers, Porto and Kromer.

The facts in the instant case do not constitute "conditions justifying the indemnification of a pub-

lic officer for a loss incurred in the discharge of his official duties." The court finds no authority to support the claims of Attorney James F. Rosen or the other plaintiffs in such Connecticut cases as those which follow: *Chalker* v. *Old Saybrook,* 12 Conn. Sup. 192; *Hotchkiss* v. *Plunkett,* 60 Conn. 230, 234; *Maitland* v. *Thompson,* 129 Conn. 186; *Pope* v. *Watertown,* 136 Conn. 437. On the contrary, the defendants herein had no part in these lawsuits against Rogers, Porto and Kromer; further the county commissioners had no rights to defend, no interest to be concerned with, no duty to perform and nothing to protect.

Section 1271c of the 1953 Supplement to the General Statutes, amending § 3026 of the General Statutes and transferring certain responsibilities from the sheriffs to the counties, with effective date June 11, 1953, does not aid the plaintiffs' cause in the instant case.

This court cannot find, as requested, an express or implied obligation on the part of the county commissioners to any of the plaintiffs in this action.

"It is well settled that a county board possesses and can exercise such powers, and such powers only, as are expressly conferred on it by the constitution or statutes of the state, or such powers as arise by necessary implication from those expressly granted or such as are requisite to the performance of the duties which are imposed on it by law." 20 C.J.S. 850. It follows that acts done outside such authority would be void. *Lebcher* v. *Commissioners of Custer County,* 9 Mont. 315.

It is found that the county commissioners were not obligated to furnish legal counsel to the plaintiff Rogers' decedent, Sheriff George C. Rogers, to the plaintiff deputy sheriff, James V. Porto, and to the plaintiff deputy jailer, Edward Kromer, in defense

of lawsuits hereinbefore mentioned, and further, that the defendant county commissioners are not obligated to pay Attorney James F. Rosen for legal services rendered said sheriff, deputy sheriff and deputy jailer at their request and in defense of said lawsuits.

Judgment may enter accordingly, without costs.